*Miller v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-four.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

———————————————————————

TYANA MILLER, KENYA THOMAS,

> *Plaintiffs-Appellants*,

v.                                                                      No. 23-93

CITY OF NEW YORK, POLICE OFFICER
BRIDGET PENNER, POLICE OFFICER ANDREW
KAMNA, SERGEANT DAVID CHEESEWRIGHT,
POLICE OFFICER LEONARD CLARKE,

*Defendants-Appellees,*

JANE AND JOHN DOES 1–10, JANE DOE,

*Defendants.*

_____

| | |
|---|---|
| **For Plaintiffs-Appellants:** | David A. Zelman, Law Office of David Zelman, Brooklyn, NY. |
| **For Defendants-Appellees:** | Richard Dearing, Ingrid R. Gustafson, Karin Wolfe, Of Counsel, *for* Hon. Silvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 12, 2022 judgment of the district court is **AFFIRMED**.

Plaintiffs Tyana Miller and Kenya Thomas appeal from a judgment of the district court following a jury verdict in favor of the City of New York and several police officers on Plaintiffs' claims under 42 U.S.C. § 1983 that the officers violated their Fourth Amendment rights.[1]  We assume the parties' familiarity with the

---

[1] Although Plaintiffs also brought battery and assault claims under state law, they abandoned those claims on appeal by failing to challenge the adverse judgment on those claims.  *See United*

underlying facts and procedural history, to which we refer only as necessary to resolve this appeal.

In February 2017, police officers executed a search warrant at a Brooklyn apartment in the early morning hours. As it turned out, the target of the search, for whom the officers also had an arrest warrant, was not home, but Plaintiffs were asleep inside the apartment. In order to secure the premises, the officers detained both Plaintiffs and, allegedly, subjected them to invasive searches while they were fully or partially undressed. Plaintiffs subsequently commenced this action, alleging that the searches violated their Fourth Amendment rights. The case proceeded to trial on two theories of liability. First, Miller asserted that two of the officers – defendants Bridget Penner and Andrew Kamna – detained and searched her in an unreasonable manner by forcing her to wait in the nude for a prolonged period of time and in the presence of officers of the opposite sex. Second, both Plaintiffs argued that Penner violated their constitutional rights by searching them while they were nude and by carrying out body cavity searches.

At trial, the jury heard testimony from both Plaintiffs, Penner, and Kamna, who gave conflicting accounts as to whether Plaintiffs were nude and how the

_States v. Babwah_, 972 F.2d 30, 34 (2d Cir. 1992) ("[A]n argument not raised on appeal is deemed abandoned.").

3

searches were conducted. The jury returned a verdict for Defendants on all claims. Plaintiffs then filed a post-trial motion seeking judgment as a matter of law or a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59(a), which the district court denied. This appeal followed.

## I.      Jury Instructions

At the outset, Plaintiffs raise several challenges to the jury instructions that they argue entitle them to a new trial under Rule 59. As a general matter, "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). If a party fails to do so, we review her challenge to the instructions only for plain error. *See Rasanen v. Doe*, 723 F.3d 325, 333 (2d Cir. 2013). On plain error review, we will "only grant relief if there was (1) error, (2) that is plain, (3) that affects substantial rights, and (4) [that] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 237 (2d Cir. 2020) (internal quotation marks omitted). To be "plain," an error must contravene an "established rule of law." *Emamian v. Rockefeller Univ.*, 971 F.3d 380, 388 (2d Cir. 2020) (internal quotation marks omitted). "In order to show plain error affecting 'substantial rights,' a

4

litigant must typically show that the error was prejudicial: [i]t must have affected the outcome of the district court proceedings." *Keeling v. Hars*, 809 F.3d 43, 54 (2d Cir. 2015) (internal quotation marks omitted). The Supreme Court has "cautioned that instructions must be evaluated not in isolation but in the context of the entire charge." *Jones v. United States*, 527 U.S. 373, 391 (1999).

Miller first contends that the district court gave an incorrect instruction as to when a nude search violates the Fourth Amendment. As delivered, that charge instructed the jury that, if it found that "Miller was subjected to a physical search in the nude," then it "may find that this search was an unreasonable strip search under the Fourth Amendment." Trial. Tr. at 362. Miller argues that nude subjects may *never* be searched – visually, by a patdown, or via a body cavity search – unless officers have "particularized suspicion that contraband would be found on [them]." Pls. Br. at 13. And because there was allegedly no such suspicion here, Miller contends that the district court should have instructed the jury that it *must* find for Miller if it determined that she was partially or fully naked when Penner searched her.

As a threshold matter, Miller did not properly raise this objection, so we review only for plain error.[2] We see no such error here, because there is no "established rule of law" that categorically forbids limited searches without reasonable suspicion of individuals who are naked when officers enter a dwelling to execute a warrant. *Emamian*, 971 F.3d at 388 (internal quotation marks omitted). We have long recognized that officers executing a search warrant on a premises may perform a "limited search," *Rivera v. United States*, 928 F.2d 592, 606 (2d Cir. 1991), or "patdown," *United States v. Jaramillo*, 25 F.3d 1146, 1151 (2d Cir. 1994), on any occupant they encounter, without reasonable suspicion that the occupant is concealing contraband. And while we have held that reasonable suspicion is generally required before an officer orders a suspect to remove her clothes for a "strip search," *Rivera*, 928 F.2d at 606–07; Pls. Br. at 12, we have never held that officers need reasonable suspicion in order to search or pat down a suspect who (like Miller here) was already nude when officers arrived. We have certainly never held that officers must avert their eyes in the event that the occupant of a search location is nude at the time the search commences. There is

---

[2] While counsel argued that the word "nude" was not clear as to whether it meant "fully" versus "partially" nude, he did not object to the rest of the instruction. Trial Tr. at 381.

6

thus no categorical rule like the one Miller posits here, in which a jury would be "require[d]" to find for a plaintiff if she was subjected to *any* degree of nude search without reasonable suspicion. Pls. Br. at 13. Because Miller cannot show that the instruction contravened an established rule of law, we cannot say that the district court plainly erred.

We likewise reject Miller's assertion that the district court erroneously instructed the jury that Penner's search of Miller was unconstitutional only if it involved "invasive touching." *Id.* at 14. Miller argues that the district court should have issued an instruction like the one given for Thomas's claims, which permitted the jury to find for Thomas if she was searched "in a manner that included unreasonably invasive touching *or was otherwise unreasonably intrusive under the circumstances*." Trial Tr. at 364 (emphasis added). Because Miller's charge lacked that catchall language, she contends that the jury would have believed that it could not find the officers liable if Miller was unreasonably searched *without* any invasive touching.

Miller did not object to this aspect of the charge, so we again review the instruction for plain error.[3] We see none here, for the simple reason that nothing

---

[3] In fact, the only reason that the Thomas charge included the "otherwise unreasonably

indicates that this alleged defect in the charge "affected the outcome of the case." *Warren v. Pataki*, 823 F.3d 125, 138–39 (2d Cir. 2016). Miller speculates that she was prejudiced because the jury might have found Penner liable based on a "visual body cavity search" that did not involve invasive touching. Pls. Br. at 15. But Miller never asserted that theory of liability in the complaint or proposed pretrial order. Instead, she claimed that Penner unreasonably searched Miller while she was nude or performed a "*manual* body cavity" search by penetrating her. Dist. Ct. Doc. No. 101 at 3 (emphasis added). The district court did not plainly err by failing to include an instruction about a theory that Miller never alleged, developed at trial, or argued in summation.

Finally, both Plaintiffs argue that the instructions "misled" the jury to believe that it could find for them only if the jury believed every aspect of their testimony. Pls. Br. at 15. Here, Plaintiffs appear to take issue with two clauses in the charge that instructed the jury that it could find for each Plaintiff only if it determined that "the search occurred in the manner [she] allege[d]." Trial Tr. at

_____

intrusive" language was because counsel objected to the instruction for Thomas, which prompted the district court to insert that language. Trial Tr. at 311–12. In the same colloquy, counsel appeared to even concede that Miller's charge did not require any additional language like "otherwise unreasonably intrusive," because that charge already permitted the jury to find Penner liable if she performed a "strip search" on Miller. *Id.* at 311.

8

363 (instruction for Miller); *id.* at 364 (instruction for Thomas). Plaintiffs speculate that this required the jury to return a defense verdict if it disbelieved *any* portion of Plaintiffs' testimony about the searches, since that would mean those searches did not occur in the exact "manner" alleged. *Id.* at 363–64. Miller specifically posits that if the jury believed her claim that she was subjected to a strip search but not her allegation that she was subjected to a manual body cavity search, then it could not find in her favor even if she was subjected to an unconstitutional strip search. *See* Pls. Br. at 16.

Once again, Plaintiffs failed to distinctly object to this instruction at trial, and so we review it for plain error. *See* Trial Tr. at 311–12. When viewed "as a whole," we cannot say that the jury instructions failed to convey the relevant law to a "reasonable juror." *United States v. Gabinskaya*, 829 F.3d 127, 132 (2d Cir. 2016) (internal quotation marks omitted). As the Supreme Court has explained, "instructions that might be ambiguous in the abstract can be cured when read in conjunction with other instructions." *Jones*, 527 U.S. at 391. Here, even if the challenged clause could be read to suggest that the jury could not find for Plaintiffs based on partially credited testimony, the district court elsewhere clarified that the jury was free to credit only part of a witness's testimony. *See* Trial Tr. at 375

9

("[Y]ou may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful."). And the instructions did not suggest that the jury could only convict if it accepted each plaintiff's testimony in its entirety. In particular, as for Miller's suggestion that the jury may have found that she was "subjected to a strip search but not a manual cavity search," the district court was careful to explain that *either* a "strip search" or a "cavity search" would violate the Fourth Amendment. *Id.* at 362. Whatever ambiguity arguably lurked in the isolated language seized on by Plaintiffs, the instructions as a whole were sufficient.

## II. Judgment As A Matter Of Law

Miller also argues that she was entitled to judgment as a matter of law pursuant to Rule 50 because the undisputed evidence at trial proved that she was detained while she was nude. We review *de novo* a district court's denial of a Rule 50 motion for judgment as a matter of law. *See Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013). We will overturn a jury's verdict only if there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and

10

fair[-]minded [persons] could not arrive at a verdict against him." *Song v. Ives Lab'ys, Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992) (alterations and internal quotation marks omitted).

Miller contends that the uncontroverted trial testimony established that Penner caused Miller to remove a blanket and expose herself to a male officer for several seconds while Penner helped Miller put on leggings. According to Miller, this momentary exposure entitled her to judgment as a matter of law against Penner, because such conduct constituted a *per se* violation of the Fourth Amendment. We disagree. More importantly, so does the Supreme Court.

In *Los Angeles County v. Rettele*, the Supreme Court found no Fourth Amendment violation when officers executing a warrant ordered a naked man and woman out of bed in order to secure the room and preserve evidence. 550 U.S. 609, 614–15 (2007). As here, that command caused the undressed couple to be exposed to officers, reportedly for up to two minutes. *See id.* at 615 ("Deputies were not required to turn their backs to allow [the couple] to retrieve clothing or to cover themselves with the sheets."). If that level of exposure to officers of the opposite sex was permissible, so too was the even briefer exposure here.

Moreover, even if *Rettele* did not directly foreclose liability here, Defendants would be entitled to qualified immunity. This doctrine shields government officials from damages suits under 42 U.S.C. § 1983 unless the unlawfulness of their conduct was "clearly established" by Supreme Court or Second Circuit precedent at the time of the alleged violation. *See Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (internal quotation marks omitted). Miller points to no precedent of that sort here, offering only cases that discuss the general rule that more prolonged and intensive cross-gender strip searches can be unreasonable. *See, e.g.*, *Harris v. Miller*, 818 F.3d 49, 59 (2d Cir. 2016). This cannot "clearly" establish liability, especially in light of *Rettele*'s holding that a longer exposure did not violate the Fourth Amendment.

## III. New Trial

Last, Miller briefly argues that the district court should have granted her a new trial under Rule 59 on her cross-gender exposure claim. "A motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *Song*, 957 F.2d at 1047 (alterations and internal quotation marks omitted). But as we have already explained, Miller's mere allegations of cross-gender exposure

12

cannot state a claim for a violation of the Fourth Amendment.   We thus affirm the

district court's denial of Miller's motion on that basis.

*     *     *

We have considered Miller's and Thomas's remaining arguments and find

them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district

court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court